**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| IN RE: | : | |
| Raheem Furson | : | Chapter 13 |
| Debtor. | : | Case No.: 17-15634-MDC |
| | : | |

## ORDER GRANTING DEBTOR'S MOTION FOR AUTHORITY TO SELL REAL PROPERTY

**AND NOW,** upon consideration of the Motion for Authority to Sell Real Property filed by the debtor, upon notice to all interested parties, upon the filing, and any response thereto, and after a hearing before the Court and for good cause shown, it is hereby

**ORDERED,** that the debtor is granted permission to sell their real property located at 1165 Anchor Street, Philadelphia, PA 19124 ("Property"), for the sale price of $168,000.00 pursuant to the terms of a certain real estate agreement of sale dated as of March 16, 2023, to the buyers thereunder, Evian L. Garcia ("Buyer").

The proceeds of the sale, including any funds held as a deposit made by or on behalf of the Buyer, shall be distributed in the approximate following manner:

1. Ordinary and reasonable settlement costs, including, but not limited to those related to notary services, deed preparation, disbursements, express shipping, surveys, municipal certifications, or any other such routine matters     $ 840.00
2. Liens paid at closing-     $ 94,000.00
3. Real estate taxes, sewer, trash and/or other such items     $ 26,923.38
4. Property repairs, if any     $ _____
5. Real estate commission, at no greater than 6%     $ 10,080.00
6. Attorney's fees, if any     $ _____
7. Other - Seller Assist     $ _____
8. Kenneth West, Trustee     $ 12,481.62

    ESTIMATED AMT DUE TO SELLER(S)     $ 23,675.00

This Order is contingent upon the mortgage lien(s) held by Pennsylvania Housing Finance Agency or its assigns being paid in full at closing pursuant to a proper payoff quote obtained prior to and good through the closing date; or any short payoff shall be approved by Pennsylvania Housing Finance Agency; and Debtor shall have ninety (90) days from entry of this Order to sell the Property.

**Kenneth West Distribution Explanation:** Trustee to hold the approximately $12,481.62 for unsecured creditors pending confirmation of a modified plan. Any excess funds held by the Trustee after entry of the confirmed Modified Plan shall be returned to the Debtor. In the event that the case is dismissed, either voluntarily or by the Trustee for failure to file a Motion to Modify, then all funds held by the Trustee for unsecured creditors shall be returned to the Debtor.

Pennsylvania Housing Finance Agency (Proof of Claim #6-1) shall file amended proofs of claims upon receiving sale proceeds in satisfaction of their secured claims and interests.

The title clerk shall email a completed HUD-1 or settlement sheet from the closing directly to settlementsheet@ph13trustee.com immediately upon the close of the settlement, and the trustee shall promptly notify the title company of his approval or objections to the sums to be disbursed. Upon trustee approval, the title clerk shall fax a copy of the disbursement check to the trustee and shall immediately transmit the actual disbursement check to the trustee by overnight courier.

Per Bankruptcy Rule 6004(h), the 14 day stay as to effect of this Order is hereby waived.

Dated:_____

HONORABLE MAGDELINE D. COLEMAN
CHIEF U.S. BANKRUPTCY JUDGE